IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-525

 No. COA20-748

 Filed 5 October 2021

 Iredell County, No. 19 CVS 2687

 EHREN HULL, Plaintiff,

 v.

 TONY MCLEAN BROWN, Defendant.

 Appeal by defendant from order entered 17 September 2020 by Judge Julia

 Lynn Gullett in Iredell County Superior Court. Heard in the Court of Appeals 25

 August 2021.

 Homesley and Wingo Law Group, PLLC, by Andrew J. Wingo and Kyle L.
 Putnam, for plaintiff-appellee.

 James, McElroy & Diehl, P.A., by Preston O. Odom, III, G. Russell Kornegay,
 III, and Caroline T. Mitchell, for defendant-appellant.

 TYSON, Judge.

 I. Background

¶1 Ehren Hull, (“Plaintiff”) commenced this action against Tony Brown

 (“Defendant”) asserting claims for alienation of affection and criminal conversation

 (together, “covenant claims”) regarding Plaintiff’s wife. Plaintiff also brought claims

 for negligent infliction of emotional distress (“NIED”), and intentional infliction of

 emotional distress (“IIED”) (together, “emotional distress claims”).
 HULL V. BROWN

 2021-NCCOA-525

 Opinion of the Court

¶2 Defendant timely filed his Motion to Dismiss and Request for Transfer to the

 Superior Court of Wake County for Determination by a Three-Judge Panel (“Motion”)

 pursuant to N.C. R. Civ. P. 42(b)(4). In the Motion, Defendant sought: (1) dismissal

 of Plaintiff’s covenant claims on the basis the statute purportedly codifying them,

 N.C. Gen. Stat. § 52-13, is facially unconstitutional; and, (2) expeditious transfer of

 such constitutional challenge for resolution by a three-judge panel. The Motion failed

 to show the following statutory amendments changed any of the common law

 elements of either tort. The statute establishes:

 (a) No act of the defendant shall give rise to a cause of
 action for alienation of affection or criminal conversation
 that occurs after the plaintiff and the plaintiffs spouse
 physically separate with the intent of either the plaintiff or
 plaintiffs spouse that the physical separation remain
 permanent.

 (b) An action for alienation of affection or criminal
 conversation shall not be commenced more than three
 years from the last act of the defendant giving rise to the
 cause of action.

 (c) A person may commence a cause of action for alienation
 of affection or criminal conversation against a natural
 person only.

 N.C. Gen. Stat. § 52-13 (2019).

¶3 The trial judge made extensive findings of fact and conclusions of law and

 denied Defendant’s transfer request and his motion to dismiss Plaintiff’s covenant

 claims.
 HULL V. BROWN

 2021-NCCOA-525

 Opinion of the Court

¶4 At the close of the hearing, Defendant moved to certify this matter for

 immediate appeal pursuant to Rule 54(b) of the North Carolina Rules of Civil

 Procedure. The trial court denied the motion and did not certify for immediate

 review.

¶5 Defendant filed and served: (1) his responsive pleading; (2) his objections and

 responses to Plaintiff’s first request for admission; and, (3) his Notice of Appeal from

 the trial judge’s ruling.

 II. Issues

¶6 Defendant raises two issues on appeal. First, whether the trial court erred by

 denying his motion to transfer based upon his purported facial constitutional

 challenge to the covenant claims. Second, whether the trial court erred by denying

 Defendant’s motion to dismiss because it lacked jurisdiction to adjudicate the merits.

 III. Jurisdiction

¶7 Defendant argues his interlocutory appeal is properly before this Court

 pursuant to N.C. Gen. Stat. §§ 1-277(a) and 7A-27(b)(3) (2019).

 Ordinarily, an appeal from an interlocutory order will be
 dismissed as fragmentary and premature unless the order
 affects some substantial right and will work injury to
 appellant if not corrected before appeal from final
 judgment . . . Essentially a two-part test has developed[:]
 the right itself must be substantial and the deprivation of
 that substantial right must potentially work injury to
 plaintiff if not corrected before appeal from final judgment.
 HULL V. BROWN

 2021-NCCOA-525

 Opinion of the Court

 Goldston v. American Motors Corp., 326 N.C. 723, 726, 392 S.E.2d 735, 736 (1990)

 (citations and internal quotation marks omitted).

 [T]he ‘substantial right’ test for appealability of
 interlocutory orders is more easily stated than applied. It
 is usually necessary to resolve the question in each case by
 considering the particular facts of that case and the
 procedural context in which the order from which appeal is
 sought was entered.

 Waters v. Qualified Personnel, Inc., 294 N.C. 200, 208, 240 S.E.2d 338, 343 (1978).

¶8 Defendant argues the trial court’s order affects a substantial right: the right to

 transfer to a three-judge panel, as promulgated by statute.

¶9 A litigant has a right to immediately appeal from an interlocutory order

 denying a motion to transfer a matter from a statutorily improper venue to a

 statutorily proper venue. See, e.g., Gardner v. Gardner, 300 N.C. 715, 719, 268 S.E.2d

 468, 471 (1980) (“Although the initial question of venue is a procedural one, there can

 be no doubt that a right to venue established by statute is a substantial right.”).

¶ 10 Defendant appeals pursuant to Rule 42, and “[w]e must be mindful of the

 longstanding ‘presumption [ ] that the legislature was fully cognizant of prior and

 existing law within the subject matter of its enactment.” State v. Daw, __ N.C. __,

 2021-NCCOA-180, ¶ 39, 860 S.E.2d 1, 12 (2021) (citation omitted). “The avoidance of

 one trial is not ordinarily a substantial right.” Green v. Duke Power Co., 305 N.C. 603,

 608, 290 S.E.2d 593, 596 (1982) (citation omitted).
 HULL V. BROWN

 2021-NCCOA-525

 Opinion of the Court

 IV. Trial Court’s Compliance with Rule 42

¶ 11 Defendant argues “any facial challenge to the validity of an act of the General

 Assembly shall be transferred pursuant to G.S. 1A-1, Rule 42(b)(4)[.]” N.C. Gen. Stat.

 § 1-267.1 (2019). Rule 42(b)(4) provides in relevant part:

 [A]ny facial challenge to the validity of an act of the
 General Assembly . . . shall be heard by a three-judge panel
 in the Superior Court of Wake County . . . if such a
 challenge is raised by the defendant in the defendant’s
 answer, responsive pleading, or within 30 days of filing the
 defendant’s answer or responsive pleading. In that event,
 the court shall, on its own motion, transfer that portion of
 the action challenging the validity of the act of the General
 Assembly to the Superior Court of Wake County for
 resolution by a three-judge panel if, after all other matters
 in the action have been resolved, a determination as to the
 facial validity of an act of the General Assembly must be
 made in order to completely resolve any matters in the case.
 The court in which the action originated shall maintain
 jurisdiction over all matters other than the challenge to the
 act’s facial validity. For a motion filed under Rule 11 or
 Rule 12(b)(1) through (7), the original court shall rule on
 the motion, however, it may decline to rule on a motion that
 is based solely upon Rule 12(b)(6). If the original court
 declines to rule on a Rule 12(b)(6) motion, the motion shall
 be decided by the three-judge panel. The original court
 shall stay all matters that are contingent upon the outcome
 of the challenge to the act’s facial validity pending a ruling
 on that challenge and until all appeal rights are exhausted.
 Once the three-judge panel has ruled and all appeal rights
 have been exhausted, the matter shall be transferred or
 remanded to the three-judge panel or the trial court in
 which the action originated for resolution of any
 outstanding matters, as appropriate.

 N.C. Gen. Stat. § 1A-1, Rule 42(b)(4) (2019) (emphasis supplied).
 HULL V. BROWN

 2021-NCCOA-525

 Opinion of the Court

¶ 12 Rule 42 requires the transfer for the facial constitutional challenge should not

 happen until “after” a trial on the other unaffected claims in the lawsuit. Id.

¶ 13 In Holdstock v. Duke, this Court held:

 The trial court also has to determine what issues, if any,
 are not “contingent upon the outcome of the challenge to
 the act’s facial validity[,]” and resolve those issues before
 deciding whether it is necessary to transfer the facial
 challenge to the three-judge panel.

 Holdstock v. Duke Univ. Health Sys., Inc., 270 N.C. App. 267, 281, 841 S.E.2d 307,

 317 (2020) (citation omitted) (emphasis in original and supplied).

¶ 14 This Court further held in Holdstock:

 [I]f the trial court had found reason to grant summary
 judgment in favor of either Plaintiffs or Defendants, based
 upon matters not contingent on Plaintiffs’ facial challenge,
 the trial court would not have transferred Plaintiff’s facial
 challenge to a three-judge panel because the underlying
 action would have already been decided in full. However, if
 the trial court had decided all matters not “contingent upon
 the outcome of” resolution of Plaintiffs’ facial challenge, but
 matters contingent on resolution of the facial challenge
 remained “in order to completely resolve” the action, the
 trial court would have been required, “on its own motion,
 [to] transfer that portion of the action challenging the
 validity of [Rule 9(j)] . . . for resolution by a three-judge
 panel[.]

 Id. at 278–79, 841 S.E.2d at 315. (citation omitted).

¶ 15 Defendant argues Plaintiff’s claims in this action for alienation of affections,

 criminal conversation, NIED, and IIED involve the same facts, the same damages,
 HULL V. BROWN

 2021-NCCOA-525

 Opinion of the Court

 and all seek compensatory and punitive damages for all four claims, so the same jury

 must hear all four claims pursuant to N.C. Gen. Stat. § 1D-30 (2019) (stating “the

 issues of liability for compensatory damages and the amount of compensatory

 damages, if any, shall be tried separately from the issues of liability for punitive

 damages and the amount of punitive damages . . . The same trier of fact that tried

 the issues relating to compensatory damages shall try the issues relating to punitive

 damages.”). Defendant overstates the nature of these four categories of claims.

¶ 16 Nothing prevents Defendant from raising the constitutionality of the covenant

 claims before a three-judge panel after all other issues in the case are resolved. If the

 claims subject to constitutional challenge survive summary judgment on other

 grounds, a jury may determine the damages of each cause of action separately while

 Defendant preserves its right to raise the constitutional issues before the three-judge

 panel before the trial court enters a final judgment. Because not all matters have

 been fully resolved, the statutory mandated transfer provisions of N.C. Gen. Stat. §§

 1-267.1 & 1-81.1 and Rule 42(b)(4) do not apply. This interlocutory appeal is

 premature.

 V. Conclusion

¶ 17 Rule 42 requires all non-contingent matters to be resolved before the facial

 challenge can be resolved. N.C. Gen. Stat. § 1A-1, 42(b)(4). Once “all other matters

 in the action have been resolved, a determination as to the facial validity of an act of
 HULL V. BROWN

 2021-NCCOA-525

 Opinion of the Court

 the General Assembly must be made[.]” Id.

¶ 18 Defendant has not shown any “deprivation of that substantial right . . . [to]

 potentially work injury to [Defendant] if not corrected before appeal from final

 judgment.” Goldston, 326 N.C. at 726, 392 S.E.2d at 736.

¶ 19 This appeal is interlocutory and dismissed. It is so ordered.

 DISMISSED.

 Judges DIETZ and GRIFFIN concur.